# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DUANE E. WAHL,**

                Petitioner,

       v.                                 CASE NO. 19-3084-SAC

**DAN SCHNURR,**

                Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 and enters the following order.

### Background

Petitioner was convicted, on his guilty plea, of one count of first-degree murder. As part of the plea, he admitted the factual basis of the charge, agreed to a hard 25 year life sentence, waived his right to a direct appeal, and agreed to waive collateral attack remedies except in limited circumstances. Petitioner entered the plea on December 9, 2010, and did not appeal. *Wahl v. State*, 344 P.3d 385 (Kan. 2015).

On or about December 20, 2011, petitioner mailed a motion under K.S.A. 60-1507 to the state district court. That action initially was dismissed, but on remand, the state district court conducted a hearing[1] and ruled that petitioner had not shown ineffective assistance of counsel. The Kansas Court of Appeals

---

[1] The hearing was commenced as a preliminary hearing, but the district court also accepted evidence.

affirmed the denial of the motion[2]. *Wahl v. State*, 400 P.3d 679 (Table), 2017 WL 3668917 (Kan. App. Aug. 25, 2017), *rev. denied*, Feb. 26, 2018.

Petitioner submitted his federal petition on May 2, 2019.

**Analysis**

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitation period generally runs from the date the judgment becomes "final". *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). "[D]irect review" does not conclude until the availability of direct appeal to the state courts and request

---
[2] The Kansas Court of Appeals vacated the portion of petitioner's sentence that imposed lifetime postrelease supervision. *Wahl*, 2017 WL 3668917 *4.

for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The one-year period of limitation begins to run the day after a conviction is final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011).

The statute contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*,

560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id*.

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

Here, the petitioner's conviction became final fourteen days after he entered his guilty plea, when the time for filing a notice of appeal expired. *See* K.S.A. 22-3608(c)(allowing a criminal defendant 14 days after the judgment of the district court to appeal). The limitation period began to run on December 24, 2010, and ran until petitioner submitted his post-conviction motion on or about December 20, 2011. At that point, approximately four days remained on the one-year limitation period.

The limitation period was tolled during the pendency of petitioner's motion under K.S.A. 60-1507 and remained tolled until review was denied on February 26, 2018. The limitation period resumed on February 27, 2018, and expired a few days

later.

Because petitioner did not file his federal habeas petition until May 2, 2019, this action is not timely and is subject to dismissal unless petitioner can establish grounds for equitable tolling.

**Order to Show Cause**

The Court directs petitioner to show cause on or before **June 24, 2019,** why this matter should not be dismissed due to his failure to commence this action within the one-year limitation period. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **June 24, 2019,** to show cause why this matter should not be dismissed as time-barred.

**IT IS SO ORDERED.**

DATED:  This 24th day of May, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge