# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DUANE E. WAHL,

        Petitioner,

    v.                          CASE NO. 19-3084-SAC

DAN SCHNURR,

        Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On May 24, 2019, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause why this matter should not be dismissed due to his failure to commence this action within the one-year limitation period. (Doc. 3.)

The NOSC explained that the one-year limitation period under 28 U.S.C.§ 2244(d)(1) began to run on December 24, 1010, when Petitioner's time for filing a direct appeal had expired. The limitation period then ran until Petitioner submitted his post-conviction K.S.A. 60-1507 motion on or about December 20, 2011, with approximately 4 days remaining in the one-year limitation period. The limitation period resumed running on February 27, 2018, the day after the Kansas Supreme Court denied review, and expired on approximately March 2, 2018. Because Petitioner did not file his federal habeas petition until May 2, 2019, this action is not timely and is subject to dismissal unless Petitioner can establish grounds for equitable tolling.

In his response to the NOSC, Petitioner explained that his 60-1507 appellate counsel did not inform him that the Kansas Supreme Court denied review until January 22, 2019. (Doc. 4, p. 2; Doc. 4-1.) Petitioner asserts that this failure to timely notify him was egregious behavior that warrants equitable tolling. (Doc. 4, p. 2.) He further asserts that he filed his petition as soon as possible thereafter but was hindered because he has no legal training and has only limited access to a law library. *Id.*

The one-year limitation for filing a habeas corpus action may be equitably tolled if the petitioner establishes (1) that he pursued his rights diligently, and (2) that some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 645 (2007). Such equitable tolling, however, is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)).

In this matter, Petitioner's response to the NOSC focused solely on the time that elapsed after the Kansas Supreme Court denied review. As stated in the NOSC, however, most of the limitation period ran before Petitioner filed his 60-1507 motion. Even if the Court discounts the time between the Kansas Supreme Court's denial of review and the date on which Petitioner's appellate 1507 counsel finally informed him of that denial, the one-year limitation period to file the present petition would have expired on approximately January 26, 2019. Yet Petitioner did not file his federal habeas petition until May 2, 2019.

To the extent that Petitioner misunderstood the time limitation due to a lack of legal training, that misunderstanding

does not warrant equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing."). Similarly, generally asserting a lack of access to a prison law library is insufficient to constitute extraordinary circumstances that justify equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

For the reasons set forth above, the Court concludes that the present petition is time-barred under 28 U.S.C. § 2241(d) and that Petitioner has not shown any circumstances that justify equitable tolling. The Court will therefore dismiss this matter as time-barred. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS, THEREFORE, BY THE COURT ORDERED** that this matter is dismissed as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 21st day of June, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge